IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK SHERIDAN, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| SIG SAUER INC., | |
| Defendant. | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Sig Sauer, Inc. ("Sig Sauer"), by and through its undersigned attorneys, hereby removes the state court action entitled *Patrick Sheridan v. Sig Sauer Inc.*, bearing Case No. 2023L001760, from Illinois' Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, and respectfully represents as follows:

## FACTUAL BACKGROUND

1. Plaintiff Patrick Sheridan claims that his Sig Sauer P320 pistol discharged when the unholstered pistol fell into a bathroom sink. The discharged round allegedly struck the sink bowl, causing either bullet fragments or sink fragments to impact his face, neck, right arm, and chest. *See* Pl's Compl. ¶¶9-10 (Ex. A).

2. Plaintiff brings claims against Sig Sauer for: (1) negligence; (2) product liability; (3) breach of implied warranty of merchantability; and (4) breach of express warranty. *See* Compl. ¶¶19-49 (Ex. A).

## PROCEDURAL BACKGROUND

3. Plaintiff electronically filed his Complaint in Illinois' Circuit Court of Cook County on February 21, 2023. *See generally,* Pl's Compl. (Ex. A).

4. Sig Sauer accepted service of the Complaint by signing an Acknowledgement of Service on June 16, 2023. *See* Acknowledgement of Service (Ex. B).

5. All exhibits—including all process, pleadings, and orders served on or by Sig Sauer required by 28 U.S.C. § 1446(a)—are offered and attached as follows:

| EXHIBITS | DESCRIPTION |
|---|---|
| A | Plaintiff's Original Complaint |
| B | Sig Sauer's Acknowledgement of Service |
| C | Declaration of Timothy Lachance |
| D | Notice of Filing of Removal |

## DIVERSITY JURISDICTION

6. This Court has subject matter jurisdiction over this action and all claims asserted against Sig Sauer pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Sig Sauer are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Complete Diversity Exists Between the Parties

7. Plaintiff is a citizen of the State of Illinois. *See* Pl's Compl. ¶1 (Ex. A) ("Plaintiff, PATRICK SHERIDAN, is a resident of the State of Illinois.").

8. Defendant Sig Sauer is a foreign corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business in New Hampshire. *See* Declaration of Timothy Lachance (Ex. C). Defendant Sig Sauer is thus a citizen of Delaware and New Hampshire. *See* 28 U.S.C. § 1332(c)(1).

9. All parties are thus citizens of different states.

**The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

10. Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiff does not seek a specific amount of damages.[1] However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

12. Here, Plaintiff alleges that he has sustained injuries to "his face, neck, right arm, and chest" and that such injuries are of a "permanent nature." *See* Pl's Compl. ¶¶ 10, 28, 33, 43, 49 (Ex. A). Plaintiff also alleges that he seeks to recover lost wages incurred as a result of those allegedly permanent injuries. *Id.* Given the alleged permanent nature of the plaintiff's purported injuries and the potential for future medical expenses, the amount in controversy plausibly exceeds $75,000, as courts have routinely held in matters involving similar allegations. *See, e.g., RSUI Indem. Co. v. JMT Dev. Inc.*, 572 F. Supp. 3d 482, 487 (N.D. Ill. 2021) (noting that damages for "permanent personal injury … could easily exceed $75,000"); *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1019 (N.D. Ill. 2015) (same); *Schultz v. Nice*, No. CV 05-523-WDS, 2006 WL 8455828, at *2 (S.D. Ill. Mar. 8, 2006) (same).

**VENUE**

13. Venue properly rests in the United States District Court for the Northern District of Illinois pursuant to 28 U.S. Code § 93(a) because it encompasses Cook County, Illinois, where this action was originally filed.

---

[1] The affidavit of Plaintiff's counsel attached to the Complaint states that Plaintiff's damages "exceed Fifty Thousand ($50,000.00) Dollars" but does not state a specific amount. *See* Pl's Compl., p. 13.

3

14. Pursuant to 28 U.S.C. § 1446(d), Sig Sauer is filing this Notice of Removal with this Court, serving a copy upon Plaintiff's counsel, and filing a copy in the Circuit Court of Cook County.

**TIMELINESS OF REMOVAL**

15. Service was completed on Sig Sauer on June 16, 2023, when Sig Sauer signed an Acknowledgement of Service, so this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) since it is being filed within thirty (30) days of service on Sig Sauer. *See* 28 U.S.C. § 1446(b) (requiring that, in order to be timely, "[a] notice of removal must be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

16. Thus, this Notice of Removal is timely.

WHEREFORE, Defendant Sig Sauer, Inc. respectfully requests that this Court assume jurisdiction over the above-described action pending in Illinois' Circuit Court of Cook County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                Respectfully submitted,

                CRAY HUBER HORSTMAN HEIL
                & VanAUSDAL LLC

                *Daniel K. Cray*
                Daniel K. Cray

Daniel K. Cray
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
dkc@crayhuber.com
*Attorneys for Defendant Sig Sauer, Inc.*

# EXHIBIT A

15665:BBK:ld

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| PATRICK SHERIDAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Amount: In Excess of THIRTY |
| | ) | THOUSAND ($30,000.00) DOLLARS |
| SIG SAUER, INC., a foreign corporation, | ) | Plus Cost of Suit |
| | ) | |
| Defendant. | ) | Return Date: |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PATRICK SHERIDAN, by and through his attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendant, SIG SAUER, INC., a foreign corporation, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, PATRICK SHERIDAN, is a resident of the State of Illinois.

2. Defendant, SIG SAUER, INC., ("SIG SAUER") is a foreign corporation engaged in the business of designing, manufacturing, marketing, selling, and distributing firearms for military and commercial (law enforcement and civilians) markets and is duly licensed to do business in the State of Illinois. It markets and sells its products directly and through dealers.

3. This Court has jurisdiction over Defendant, SIG SAUER, INC., under Section 5/2-209(a)(1) and Section 5/2-209(a)(2) of the Illinois Code of Civil Procedure as Defendant has transacted business and committed tortious acts within the State of Illinois.

4. The act or transaction giving rise to this cause of action occurred in Cook County, making venue appropriate pursuant to 735 ILCS 5/2-101(2).

### GENERAL ALLEGATIONS

1

5. That on or about December 5, 2020, and at all relevant times herein, the Defendant, SIG SAUER, INC., designed, manufactured, distributed, and sold, at times with partners, a semi-automatic pistol known as the SIG Sauer P320 ("P320").

6. That on or about December 5, 2020, and at all relevant times herein, the Plaintiff, PATRICK SHERIDAN, owned a P320 with serial number WC0010179.

7. At all times relevant herein, Plaintiff had a valid Illinois Firearm Owners Identification ("FOID") card and Concealed Carry License ("CCL").

8. At all relevant times herein, Plaintiff, PATRICK SHERIDAN, was in the exercise of all due care and caution for his own safety and the safety of others, that care being commensurate with his age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

9. On December 5, 2020, Plaintiff was at a property located at 10759 South Avenue, Chicago, Illinois.

10. At the aforesaid time and place, Plaintiff went to the bathroom and set his loaded P320 on the bathroom counter adjacent to the sink. While inside the bathroom, the P320 slid from the counter into the sink and discharged, causing a bullet to strike the sink resulting in bullet shrapnel. The bullet fragments struck Plaintiff in his face, neck, right arm, and chest, causing wounds and injury to Plaintiff.

11. Under the circumstances, as alleged, Plaintiff's P320 should not have discharged.

12. The Plaintiff in this action relied upon Sig Sauer's representation that the P320 "would not fire unless you want it to."

13. Sig Sauer designs and manufactures firearms for sale to military and commercial markets throughout the United States and internationally. It markets and sells its products directly and through dealers.

14. Sig Sauer was formerly known as SIG SAUERARMS Inc. and changed its name to Sig Sauer, Inc. in October 2007. Its Chief Executive Officer at all times relevant to this Complaint was Ron J. Cohen.

15. The Sig Sauer P320 is susceptible to unintended discharges, meaning instances when a gun fires without user intent, at an alarmingly high rate.

16. There have been over 100 incidents of the Sig Sauer P320 unintentionally discharging when the user believed they did not pull the trigger, many of which have caused severe injury to the users and/or bystanders.

17. Users of the P320 include law enforcement officers, former military personnel, and/or trained and certified gun owners.

18. This matter involves a striker-fired pistol known as the "P320" that has fired without the trigger being pulled or deliberately actuated by the user, on numerous civilians and law enforcement agents.

### COUNT I – PATRICK SHERIDAN vs. SIG SAUER, INC.,
### NEGLIGENCE

19. Plaintiff restates and re-alleges the allegations alleged in ¶¶ 1-18 of the Jurisdiction, Venue, and General Allegations as though they were fully and completely set forth herein.

20. At all relevant times herein, the Defendant, SIG SAUER, owed a duty to the Plaintiff, and to the public generally, to exercise reasonable care in designing the P320 weapon

3

before selling the gun and placing it into the stream of commerce, so as to prevent the gun from firing without a user trigger pull.

21. At all relevant times herein, the Defendant, SIG SAUER, owed a duty to the Plaintiff, and to the public generally, to manufacture, assemble, inspect and/or test its P320s in such a manner and with the exercise of reasonable care, so as to prevent it from firing when the trigger had not been pulled, before selling the gun and placing it into the stream of commerce.

22. At all relevant times herein, the Defendant, SIG SAUER, owed a duty to the Plaintiff, and to the public generally, to unambiguously warn consumers and/or intended users of the P320, including Plaintiff, of known or suspected defects that rendered the gun unreasonably dangerous to handle or use.

23. Sig Sauer breached the above-cited duties in various ways, including but not limited to, one or more of the following negligent acts:

i. By failing to use due care in designing and manufacturing the P320's firing and striker assembly to prevent uncommanded discharges;

ii. By failing to use due care in designing the P320 failing to incorporate a manual external safety, tabbed trigger safety, or grip safety to prevent unintended discharges;

iii. By failing to use due care in designing and manufacturing the P320's internal components, including its sear, and by omitting a mechanical disconnect switch, to prevent uncommanded discharges;

iv. By failing to issue a mandatory recall of the P320 as SIG SAUER had done in the past with other defective products;

4

    v.    By failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge un-commanded as described above;

    vi.    By negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

    vii.    By failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge un-commanded while in the possession of SIG SAUER, and during which times employees, servants, partners or agents of SIG SAUER had an opportunity to inspect, service and work on the gun;

    viii.    By misrepresenting the dangers and hazards posed by the gun;

    ix.    By failing to design a firearm that would be safe for all users to operate under ordinary circumstances;

    x.    By failing to incorporate safeties which were standard among all of the P320s competitors;

    xi.    Other negligent acts and omissions to be developed in the course of discovery.

24. That at the aforesaid time, and at all relevant times herein, said P320 was unreasonably dangerous at the time that it left the Defendant's control, and likely to cause the accident that injured Plaintiff.

25. That at the aforesaid time and place, and at all relevant times herein, the P320's defective condition was not open and obvious to Plaintiff and Plaintiff was not capable of realizing

5

the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

26. That at the aforesaid time and place, and at all relevant times herein, the Defendant, SIG SAUER, knew or should have known, that exposing users to the dangerous, defective, and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users.

27. Sig Sauer's negligence, as alleged in this Count, directly and proximately caused on December 5, 2020 the unintended discharge and Plaintiff's injuries resulting from the accident.

28. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, SIG SAUER, the P320 discharged without pulling the trigger, and the Plaintiff, PATRICK SHERIDAN, suffered injuries of mind and body and damages of a personal, pecuniary, and permanent nature including lost wages.

WHEREFORE, the Plaintiff, PATRICK SHERIDAN, prays this Honorable Court enter judgment in his favor and against the Defendant, SIG SAUER, INC., in an amount, in excess of THIRTY THOUSAND ($30,000.00) THOUSAND DOLLARS, and any other relief that this Court deems just and equitable.

### COUNT II– PATRICK SHERIDAN vs. SIG SAUER, INC., PRODUCT LIABILITY

29. Plaintiff restates and re-alleges the allegations alleged in ¶¶ 1-28 of the Jurisdiction, Venue, General Allegations and Count I Negligence as though they were fully and completely set forth herein.

30. Sig Sauer, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, is strictly liable under §402(A) of the Restatement (Second) of Torts because:

6

    a.    Sig Sauer is engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream of commerce firearms, including the P320 that injured Plaintiff;

    b.    The product involved in the subject incident was marketed and/or placed in the general stream of commerce by Sig Sauer;

    c.    The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce;

    d.    The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above.

31. The P320 was in a defective condition as a reasonable person would conclude that the probability and seriousness of the harm caused by the P320 outweighed the burden or costs of taking precautions.

32. Sig Sauer breached its duties, by and through their agents, servants, partners, workers and/or employees, and was jointly and severally careless, negligent, grossly negligent and/or reckless in the performance of its obligations.

33. The defective condition of the P320 caused Plaintiff's injurie the Plaintiff, PATRICK SHERIDAN, suffered injuries of mind and body and damages of a personal, pecuniary, and permanent nature including lost wages.

34. Sig Sauer is therefore strictly liable to Plaintiff.

WHEREFORE, the Plaintiff, PATRICK SHERIDAN, prays this Honorable Court enter judgment in his favor and against the Defendant, SIG SAUER, INC., in an amount, in excess of

THIRTY THOUSAND ($30,000.00) THOUSAND DOLLARS, and any other relief that this Court deems just and equitable.

### COUNT III – PATRICK SHERIDAN vs. SIG SAUER, INC.
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35. Plaintiff restates and re-alleges the allegations alleged in ¶¶ 1-18 of the Jurisdiction, Venue, and General Allegations, and ¶¶ 19-34 of Count I & Count II, as though they were fully and completely set forth herein.

36. On and before December 5, 2020, and at all times relevant herein, the Defendant, SIG SAUER, INC., engaged in the business of designing, manufacturing, marketing, selling, and distributing firearms, including the P320 that caused Plaintiff's injuries.

37. Pursuant to 810 ILCS 5/2-314, the sale of the P320, owned by the Plaintiff, gave rise to an implied warranty of merchantability, which ran to the Plaintiff by operation of 810 ILCS 5/2-318.

38. That at all relevant times herein, the Defendant, SIG SAUER, knew of the ordinary purposes for which the gun was intended and impliedly warranted it to be of merchantable quality, safe, and fit for such purposes (which included not being discharged without the trigger being pulled), and all other reasonably foreseeable uses.

39. That at all relevant times herein, the Plaintiff, PATRICK SHERIDAN, used the gun in its intended manner and for its intended purpose and reasonably relied on the skill, judgment, and implied warranty of the Defendant, SIG SAUER.

40. Upon information and belief, the Defendant, SIG SAUER, knew or should have known that the P320 posed an unreasonable risk of harm and was defective and unsafe at the time

8

it left the Defendant's control, and likely to cause the accident that injured Plaintiff. That condition was not known to Plaintiff.

41. The Plaintiff, PATRICK SHERIDAN, as the end user of the gun, was a person who would foreseeably be injured by SIG's breach of the implied warranty referenced in this Count and SIG's breach of the warranty of merchantability as alleged herein, which breaches directly and proximately caused the accident on December 5, 2020, and Plaintiff's claimed injuries.

42. The Defendant, SIG SAUER, breached the above-referenced implied warranties as to the gun because, at the time it left SIG's possession, it was not of merchantable quality, and was unreasonably dangerous and unfit for the ordinary and reasonably foreseeable purposes for which it was intended and its reasonably foreseeable misuses, through one or more of the following acts and/or omissions:

    a. failed to use due care in designing and manufacturing the P320's components,, so as to prevent discharges when the trigger had not been pulled;

    b. failed to issue a mandatory recall of the P320;

    c. failed to make reasonable tests and/or inspections to discover the defective, hazardous, and unreasonably dangerous conditions relating to the gun's propensity to discharge uncommanded as described above;

    d. negligently failed to unambiguously warn purchasers and users of the gun, including Plaintiff, of said defective, hazardous, and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

    e. failed to discover the defective, hazardous, and unreasonably dangerous conditions relating to the gun's propensity to discharge accidentally while in SIG SAUER's possession, and during which times employees, servants or agents of SIG had an opportunity to inspect, service and work on the gun; and

    f. negligently failed to place a warning about the danger of the gun to discharge without pulling the trigger in a conspicuous manner, such as on its case, which could be easily understood by a consumer.

9

43. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, SIG SAUER, the P320 discharged without pulling the trigger, and the Plaintiff, PATRICK SHERIDAN, suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the Plaintiff, PATRICK SHERIDAN, prays this Honorable Court enter judgment in his favor and against the Defendant, SIG SAUER, INC., in an amount, in excess of THIRTY THOUSAND ($30,000.00) THOUSAND DOLLARS, and any other relief that this Court deems just and equitable.

### COUNT VI– PATRICK SHERIDAN vs. SIG SAUER, INC.
### BREACH OF EXPRESS WARRANTY

44. Plaintiff restates and re-alleges the allegations alleged in ¶¶ 1-18 of the Jurisdiction, Venue, and General Allegations, ¶¶ 19-34 of Count I, and ¶¶ 35-43 of Count II as though they were fully and completely set forth herein.

45. On and before December 5, 2020, and at all times relevant herein, the Defendant, SIG SAUER, INC., engaged in the business of designing, manufacturing, marketing, selling, and distributing firearms, including the P320 that caused Plaintiff's injuries.

46. At all relevant times herein, the Defendant, SIG SAUER, expressly warranted that the P320 would not fire unless the trigger was pulled.

47. At all relevant times herein, the Plaintiff, SIG SAUER, used the gun in its intended manner and for its intended purpose and reasonably relied on the skill, judgment, and express and implied warranties of SIG SAUER in using and handling the gun.

48. The Defendant, SIG SAUER, breached the above-referenced express warranty as to the gun, in that it fired without a trigger pull and was unreasonably dangerous at the time it left SIG SAUER's possession, through one or more of the following acts and/or omissions:

a. failed to use due care in designing and manufacturing the P320's components, including the heavy trigger, its dovetail, and the rear slide, so as to prevent accidental discharges, i.e., when the trigger had not been pulled;

b. failed to issue a mandatory recall of the P320;

c. failed to make reasonable tests and/or inspections to discover the defective, hazardous, and unreasonably dangerous conditions relating to the gun's propensity to discharge accidentally as described above;

d. negligently failed to unambiguously and conspicuously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous, and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

e. failed to discover the defective, hazardous, and unreasonably dangerous conditions relating to the gun's propensity to discharge accidentally while in SIG SAUER's possession, and during which times employees, servants or agents of SIG SAUER had an opportunity to inspect, service and work on the gun;

f. negligently failed to place a warning about the danger of the gun to discharge without pulling the trigger in a conspicuous manner, such as on its case, which could be easily understood by a consumer; and

g. expressly warranted that the gun would not fire unless the trigger was pulled.

49. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, SIG SAUER, the P320 discharged without pulling the trigger, and the Plaintiff, PATRICK SHERIDAN, suffered injuries of body, mind and damages of a personal, pecuniary, and permanent nature as well as lost wages.

FILED DATE: 2/21/2023 12:00 AM 2023L001760

WHEREFORE, the Plaintiff, PATRICK SHERIDAN, prays this Honorable Court enter judgment in his favor and against the Defendant, SIG SAUER, INC., in an amount, in excess of THIRTY THOUSAND ($30,000.00) THOUSAND DOLLARS, and any other relief that this Court deems just and equitable.

>                                */s/ Benjamin B. Kelly*
>                                **Attorney for Plaintiff**

**THE VRDOLYAK LAW GROUP, LLC., Attorney No. 41535**
**By: Ben Kelly**
Attorney for Plaintiff
100 N. Riverside Plaza, suite 2400
Chicago, Illinois 60606
(312)482-8200
bkelly@vrdolyak.com
lduran@vrdolyak.com

# EXHIBIT B

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint** (12/01/20) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PATRICK SHERIDAN
　　　　　　　　　　　　　　　Plaintiff(s)　　Case No. 2023-L-001760

vs.

　　　　　　　　　　　　　　　Defendant(s)
SIG SAUER, INC., a foreign corporation,　　Amount Claimed: $ _____
　　　　　　　　　　　　　　　Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Keith Gibson　　　　　　　　　　Address: 4 Manhattanville Rd., Ste. 202
　　　(Name)

City: Purchase　　　　　　　　　　State: NY　　Zip: 10577

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within __30__ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within __30__ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within __30__ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on __6/14/2023__ .

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 2

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint** (12/01/20) CCG 0063 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: Keith Gibson - Littleton Park

Address: 4 Manhattanville Rd., Ste. 202

City: Purchase    State: NY    Zip: 10577

Email: keith.gibson@littletonpark.com

Relationship to Entity/Authority to Receive Service of Process: Counsel
(Not applicable if your are the named Defendant or Respondent.)

Dated: June 16, 2023

_Keith Gil_ (Signature)

\* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK SHERIDAN,<br><br>Plaintiff,<br><br>v.<br><br>SIG SAUER INC.,<br><br>Defendant. | Civil Action No.: _____ |

## DECLARATION OF TIMOTHY LACHANCE

Pursuant to 28 U.S.C. § 1746, I, Timothy Lachance, declare under penalty of perjury that the following is true and correct:

1. I am over the age of 18, of sound mind and fully capable of making this declaration.

2. I am, and at all times material to this declaration have been, Senior Counsel for Sig Sauer, Inc. Based upon my duties in this position, including my knowledge of the corporate and business records of Sig Sauer, Inc. and my direct personal knowledge of Sig Sauer, Inc.'s business, I am personally acquainted with the facts set forth in this declaration.

3. The factual statements made in this declaration are true and correct and are based on my personal knowledge as described in paragraph 2 above.

4. Sig Sauer, Inc. is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in the State of New Hampshire.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of June 2023.

_____
TIMOTHY LACHANCE

# EXHIBIT D

55350070KB #36699

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PATRICK SHERIDAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2023 L 001760 |
| ) | |
| SIG SAUER INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Sig Sauer, Inc. files this Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1446(d).

Notice is hereby given that, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Sig Sauer has, on the 20th day of June 2023, filed in the United States District Court for the Northern District of Illinois a Notice of Removal to remove civil action number Case No. 2023L001760 from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern of Illinois. *See* Notice of Removal (Ex. A). Pursuant to 28 U.S.C. § 1446(d), removal is effective with the filing of such notice, and the state court is to proceed no further unless and until the case is remanded.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

*Daniel K. Cray*

Daniel K. Cray

Daniel K. Cray
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
dkc@crayhuber.com
*Attorneys for Defendant Sig Sauer, Inc.*